# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VIRGIL PAUL DICKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-270-SPS |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. He seeks attorney's fees in the total amount of $3,943.80, under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 23] and Plaintiff's Supplemental Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act [Docket No. 26]. The Commissioner objects to the award of fees and urges the Court to deny the request. For the reasons set forth below, the Court concludes that the Plaintiff should be awarded the requested fees under the EAJA as the prevailing party herein.

On appeal, the Plaintiff's sole contention of error was that the ALJ's decision was undermined by evidence submitted to the Appeals Council. The Commissioner's

response to the EAJA fees motion asserts that her position on appeal was substantially justified because the arguments made before this Court were plausible and reasonable in fact and law, and the duty to weigh evidence is the sole province of the ALJ.  *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.").  "The test for substantial justification under the EAJA, the Supreme Court has added, is simply one of reasonableness."  *Madron v. Astrue*, 646 F.3d 1255, 1257-1258 (10th Cir. 2011), *citing Pierce v. Underwood*, 487 U.S. 552, 563-564 (1988).  In order to establish substantial justification, the Commissioner must show that there was a reasonable basis for the position she took not only on appeal but also in the administrative proceedings below.  *See, e. g., Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986).  *See also Marquez v. Colvin*, 2014 WL 2050754, at *2 (D. Colo. May 16, 2014) ("For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position.").  "In other words, it does not necessarily follow from our decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification."  *Madron*, 646 F.3d at 1258.  In this case, the Court found that the ALJ's decision was not supported by substantial evidence in light of the new evidence submitted to the Appeals Council.

Here, the Commissioner argues that her position was substantially justified because of the Tenth Circuit's decision in *Vellejo v. Berryhill*, 849 F.3d 951, 955 (10th Cir. 2017). The ALJ recognized this Court's acknowledgment that *Vallejo* stands for the proposition that the Appeals Council is not required to make factual findings as to newly-submitted evidence, but ignored this Court's distinguishing finding that an ALJ's decision must nevertheless be supported by substantial evidence, *including newly submitted evidence*. *See* Docket No. 21, p. 11 (emphasis added). The Commissioner also criticizes this Court's notation of additional evidence submitted to the Appeals Council that calls into question the decision of the ALJ, even though such evidence was not the basis of reversal. The Commissioner thus challenges an award of attorney's fees, arguing that the law was unsettled at the time of the briefing and that *Vallejo* is "congruent" with the Commissioner's continuing arguments, despite this Court's finding to the contrary that the decision was not based on substantial evidence in light of all of the evidence in the record. *See, e. g., Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion[.]"). *See also Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) ("[W]e hold that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002); *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("Although we review the ALJ's decision for substantial

evidence, 'we are not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991).

The Court therefore concludes that the Plaintiff should be awarded attorney's fees as the prevailing party under the EAJA. *See, e. g., Gibson-Jones v. Apfel,* 995 F. Supp. 825, 826-27 n.3 (N.D. Ill. 1998) (holding that the Commissioner's position was not substantially justified where the ALJ provided an inadequate basis for denying benefits and adding: "It would be unfair to require Ms. Gibson-Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position.").

Accordingly, IT IS ORDERED that the Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 23] in the amount of $3,709.80 and Plaintiff's Supplemental Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act [Docket No. 26] in the amount of $234.00 are hereby GRANTED and that the Government is hereby ordered to pay attorney's fees in the amount of $3,943.80 to the Plaintiff as the prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 24th day of January, 2018.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma